Eastern District of Kentucky
**F I L E D**
AUG 08 2022
AT LEXINGTON
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

CRIMINAL ACTION NO. 22-3-GFVT

UNITED STATES OF AMERICA                                            PLAINTIFF

V.                           **PLEA AGREEMENT**

DAVID ALLEN KIPER                                                   DEFENDANT

\* \* \* \* \*

1. Pursuant to Federal Rule of Criminal Procedure 11(c), the Defendant will enter a guilty plea to Count 1 of the Indictment, charging a violation of 18 U.S.C. § 2251(a), employing, using, persuading, inducing, enticing and coercing a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of that conduct. The Defendant will also admit to the forfeiture allegation in the Indictment. Pursuant to Rule 11(c)(1)(A), the United States will move the Court at sentencing to dismiss Count 2 and Count 3 of the Indictment. *DK BL E.K.*

2. The essential elements of Count 1 are:

    (a) The Defendant employed, used, persuaded, induced, enticed and coerced the minor Victim to engage in sexually explicit conduct for the purpose of producing a visual depiction of that conduct; and

    (b) The Defendant knew that the visual depiction(s) he persuaded, induced, enticed and coerced the minor victim to create were produced using materials that had been mailed, shipped, or transported in or affecting interstate or foreign commerce by any means, or that such visual depictions would be transmitted using a means or facility of interstate commerce.

3. As to Count 1, the United States could prove the following facts that establish the essential elements of the offense beyond a reasonable doubt, and the Defendant admits these facts:

(a) On March 31, 2021, the Kentucky State Police Electronic Crimes Branch received a referral from the Australian Federal Police in reference to a subject posting to a Russian website associated with the sexual exploitation of children. The user had posted an album containing non-explicit images of a minor child approximately three (3) years of age. Law enforcement engaged with this subject in an undercover capacity and the subject reported having sexual contact with the child depicted in the photographs. An investigation into the identity of the subject revealed that the person responsible for the conduct described above was DAVID ALLEN KIPER.

(b) A search warrant was executed at KIPER's residence in Lawrenceburg, Anderson County, in the Eastern District of Kentucky on March 31, 2021. During an interview with KIPER, KIPER admitted to having a sexual interest in children. KIPER admitted that he used the Russian website described above to download sexually explicit images of children from the internet, and admitted that he had multiple sexually explicit images of children stored on his cellular phone.

(c) KIPER also admitted to producing a sexually explicit video using a 3-year-old minor male. The video shows KIPER masturbating the minor victim on or about March 25, 2021, in Anderson County, while the victim was in KIPER's care, custody, and control. KIPER admits that he knowingly employed and used the 3-year-old victim to engage in sexually explicit conduct for the purpose of producing visual depictions of that conduct. KIPER further admits that these images were produced using his Apple iPhone 11, which was manufactured outside the state of Kentucky and therefore shipped in interstate commerce prior to being used by KIPER to produce the sexually explicit images of the victim.

4. The statutory punishment for Count 1 is imprisonment for not less than 15 years and not more than 30 years, a fine of not more than $ 250,000, and a term of supervised release of not less than 5 years nor more than life. A mandatory special assessment of $100.00 applies, and the Defendant will pay this assessment to the U.S. District Court Clerk

at the time of the entry of the plea. An additional mandatory special assessment of $5,000 applies, pursuant to 18 U.S.C. § 3014, for non-indigent Defendants convicted of certain offenses, including those in chapter 110 (which includes the offense to which the Defendant is pleading guilty). The Defendant will pay this assessment to the U.S. District Court Clerk after the sentencing hearing, in accordance with the Judgment, if the Court determines the Defendant is non-indigent and orders such assessment to be paid. Moreover, the Defendant acknowledges that, pursuant to 18 U.S.C. § 2259A, an assessment per count of no more than $50,000 may apply to any person convicted of a child pornography production offense. Also, mandatory restitution under 18 U.S.C. § 2259 that is not less than $3,000.00 per victim may be applied.

5. Pursuant to Rule 11(c)(1)(B), the United States and the Defendant recommend the following sentencing guidelines calculations, and they may object to or argue in favor of other calculations. This recommendation does not bind the Court.

   (a) The United States Sentencing Guidelines (U.S.S.G.) manual in effect at the time of sentencing will determine the Defendant's guidelines range. The U.S.S.G., August 1, 2021, manual guidelines are as follows:

   (b) Pursuant to U.S.S.G. § 1B1.3, the Defendant's relevant conduct includes all information contained in paragraph 3 above and that was provided to the Defendant during discovery, including all images of child sexual exploitation the Defendant possessed, received, distributed, or transported in interstate commerce.

   (c) Pursuant to U.S.S.G. § 2G2.1(a), the base offense level is 32.

   (d) Pursuant to U.S.S.G. § 2G2.1(b)(1)(A), increase the offense level by 4 levels because the offense involved a minor who had not attained the age of 12.

3

(e) Pursuant to U.S.S.G. § 2G2.1(b)(2)(A), increase the offense level by 2 levels because the offense involved the commission of a sexual act or sexual contact.

(f) Pursuant to U.S.S.G. § 2G2.1(b)(4)(B), increase the offense level by 4 levels because the offense involved an infant or toddler.

(g) Pursuant to U.S.S.G. § 2G2.1(b)(5), increase the offense level by 2 levels because the Defendant was a parent, relative, or legal guardian of the minor, or the minor was otherwise in the custody, care or supervisory control of the Defendant.

(h) Pursuant to U.S.S.G. § 3E1.1 and unless the Defendant commits another crime, obstructs justice, or violates a court order, decrease the offense level by 2 levels for the Defendant's acceptance of responsibility. If the offense level determined prior to this 2-level decrease is level 16 or greater, the United States will move at sentencing to decrease the offense level by 1 additional level based on the Defendant's timely notice of intent to plead guilty.

(i) Pursuant to U.S.S.G. § 5E1.1, restitution will be determined at sentencing or at a separate restitution hearing. The Defendant agrees that any identified minor depicted in child sexual exploitation material produced, possessed, distributed, or received by the Defendant will be entitled to restitution pursuant to this Plea Agreement and will have all rights conferred to victims, including allocution, even if they are not victims of the counts of conviction in this matter.

6. No agreement exists about the Defendant's criminal history category pursuant to U.S.S.G. Chapter 4.

7. The Defendant and the United States have not reached an agreement as to the application of the following enhancements and therefore both parties may argue in favor of or against the application of the following guideline enhancements: U.S.S.G. § 2G2.1(b)(3), which increases the offense level by 2 if the Defendant engaged in distribution; and U.S.S.G. § 4B1.5, which increases the offense level by 5 if the

Defendant's instant offense of conviction is a covered sex crime and the Defendant engaged in a pattern of activity involving prohibited sexual conduct.

8. The Defendant will not file a motion for a decrease in the offense level based on a mitigating role pursuant to U.S.S.G. § 3B1.2 or a departure motion pursuant to U.S.S.G. Chapter 5, Part K.

9. The Defendant waives the right to appeal the guilty plea, conviction, and sentence, except that the Defendant retains the right to appeal any sentence above the advisory guideline range, as determined by the Court at the time of sentencing. Except for claims of ineffective assistance of counsel, the Defendant also waives the right to attack collaterally the guilty plea, conviction, and sentence.

10. The Defendant will forfeit to the United States all interest in the property listed in the forfeiture allegation of the Indictment and will execute any documents necessary for this forfeiture. The Defendant agrees that this property is subject to forfeiture because a nexus exists between the property and the offense of conviction, as set out in the forfeiture allegation of the Indictment. The Defendant waives all any and all provisions set forth in Rule 32.2 regarding the timing of forfeiture orders.

11. The Defendant agrees to cooperate fully with the United States Attorney's Office by making a full and complete financial disclosure. Within 30 days of pleading guilty, the Defendant agrees to complete and sign a financial disclosure statement or affidavit disclosing all assets in which the Defendant has any interest or over which the Defendant exercises control, directly or indirectly, including those held by a spouse,

nominee, or other third party, and disclosing any transfer of assets that has taken place within three years preceding the entry of this plea agreement. The Defendant will submit to an examination, which may be taken under oath and may include a polygraph examination. The Defendant will not encumber, transfer, or dispose of any monies, property, or assets under the Defendant's custody or control without written approval from the United States Attorney's Office. If the Defendant is ever incarcerated in connection with this case, the Defendant will participate in the Bureau of Prisons Inmate Financial Responsibility Program, regardless of whether the Court specifically directs participation or imposes a schedule of payments. If the Defendant fails to comply with any of the provisions of this paragraph, the United States, in its discretion, may refrain from moving the Court pursuant to U.S.S.G. § 3E1.1(b) to reduce the offense level by one additional level, and may argue that the Defendant should not receive a two-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(a).

12. The Defendant understands that, by pleading guilty, he will be required to register as a sex offender upon his release from prison as a condition of supervised release pursuant to 18 U.S.C. § 3583(d). The Defendant also understands that, independent of supervised release, he will be subject to federal and state sex offender registration requirements and that those requirements may apply throughout his life. The Defendant will be required to register with the sex offender registration agency in Kentucky and shall also register with the sex offender registration agency in any state or other jurisdiction where he resides, is employed, or is a student. The Defendant understands that he shall

keep his registration current and shall notify the sex offender registration agency or agencies of any changes to his name, place of residence, employment, student status, or other relevant information. The Defendant shall comply with requirements to periodically verify in person his sex offender registration information. The Defendant understands that he will be subject to possible federal and state penalties for failure to comply with any such sex offender registration requirements. The Defendant further understands that, under 18 U.S.C. § 4042(c), notice will be provided to certain law enforcement agencies upon his release from confinement following conviction.

13. The Defendant understands and agrees that, pursuant to 18 U.S.C. § 3613, whatever monetary penalties are imposed by the Court will be due and payable immediately and subject to immediate enforcement by the United States. If the Court imposes a schedule of payments, the Defendant agrees that it is merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment. The Defendant waives any requirement for demand of payment on any fine, restitution, or assessment imposed by the Court and agrees that any unpaid obligations will be submitted to the United States Treasury for offset. The Defendant authorizes the United States to obtain the Defendant's credit reports at any time. The Defendant authorizes the U.S. District Court to release funds posted as security for the Defendant's appearance bond in this case, if any, to be applied to satisfy the Defendant's financial obligations contained in the judgment of the Court.

7

14. If the Defendant violates any part of this Agreement, the United States may void this Agreement and seek an indictment for any violations of federal laws, and the Defendant waives any right to challenge the initiation of additional federal charges.

15. This document and the supplement contain the complete and only Plea Agreement between the United States Attorney for the Eastern District of Kentucky and the Defendant. The United States has not made any other promises to the Defendant.

16. This Agreement does not bind the United States Attorney's Offices in other districts, or any other federal, state, or local prosecuting authorities.

17. The Defendant and the Defendant's attorney acknowledge that the Defendant understands this Agreement, that the Defendant's attorney has fully explained this Agreement to the Defendant, and that the Defendant's entry into this Agreement is voluntary.

CARLTON S. SHIER, IV
UNITED STATES ATTORNEY

Date: 8/8/22    By: _____
Erin M. Roth
Assistant United States Attorney

Date: 8/8/22    _____
David Allen Kiper
Defendant

Date: _____8/8/22_____   _____
                         Brandi Lewis
                         Attorney for Defendant