UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

CRIMINAL ACTION NO. 3:22-CR-003-GFVT

UNITED STATES OF AMERICA                                                      PLAINTIFF

V.

DAVID ALLEN KIPER                                                         DEFENDANT

**SENTENCING MEMORANDUM**

Comes now the Defendant, David Allen Kiper, by and through counsel, and submits the following Sentencing Memorandum.

**I.**

**INTRODUCTION**

On August 08, 2022, David Kiper pled guilty to one count of Using a Minor to Engage in Sexually Explicit Conduct for the Purpose of Producing a Visual Image of that Conduct, in violation of 18 U.S.C. §2251(a). In doing so, he accepted full responsibility for his criminal conduct in the above styled action.

The purpose of this Sentencing Memorandum is not to excuse or minimize Mr. Kiper's actions; but rather to demonstrate that a sentence of 244 months, or below, is appropriate and satisfies all the statutory requirements provided in §3553(a).

**II.**

**CIRCUMSTANCES OF THE OFFENSE**

A description of the criminal activity that led to the instant prosecution is in Paragraphs 7-11 of the PSR.

## III.

## CIRCUMSTANCES OF THE OFFENDER

While the PSR has covered these considerations generally, Mr. Kiper wishes to offer additional detail regarding his background.

Mr. Kiper is a 34-year-old man that was born and raised in Kentucky. When reflecting on his childhood, Mr. Kiper reported experiencing substantial trauma during his formative years, at the hands of what were trusted family members. Mr. Kiper's parents divorced when he was approximately one year old, leading to his living with his aunt and uncle for many years. He could not recall why he had to live with them, but suspects child services was involved. Furthermore, Mr. Kiper detailed that he was long the victim of childhood sexual abuse at the hands of his two older male cousins. He was also abused by his grandfather. Undoubtedly, these traumatic experiences contributed to the actions leading to the instant prosecution.

Despite being a victim of sexual abuse and having struggled with anxiety and depression for the entirety of his life, Mr. Kiper has never sought any significant mental health treatment. While placed in Rivendell, as a minor, he would attend group therapy but did not receive any individual counseling that he could recall. To that end, Mr. Kiper is requesting a recommendation for mental health counseling, in addition to the mandated sex offender treatment program, offered by the Bureau of Prisons. Mr. Kiper wants to utilize his prison sentence to rehabilitate himself and get the help he has never had.

Prior to the instant offense, Mr. Kiper has had very limited interactions with law enforcement has zero criminal history, and had never spent a day behind bars. This criminal process has allowed Mr. Kiper to reflect on his actions that have led him to this point. Mr. Kiper feels true remorse for his actions and the position that he placed his family in and is aware of the lifelong impact it will have on all involved.

IV.

## STATUTORY SENTENCING OBJECTIONS

The primary directive in 18 U.S.C. § 3553(a) is for sentencing courts to "impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph two." §3553(a)(2) states that such purposes are:

> (a) To reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>
> (b) To afford adequate deterrence to criminal conduct;
>
> (c) To protect the public from further crimes of the defendant; and
>
> (d) To provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

The advisory guideline range as calculated by U.S. Probation is 324-405 months. 18 U.S.C. §2251(a) requires a minimum sentence of 180 months and a maximum sentence of 360 months. Therefore, the proposed guideline range is 324-360 months. For the following reasons and taking into consideration all the previously mentioned characteristics, Mr. Kiper respectfully submits a sentence at or below 244 months is sufficient to meet an all the statutory sentencing objectives proscribed by §3553(a)(2) and represents the average length of imprisonment imposed for the last five fiscal years (2017-2021). *See* Exhibit 1, Judiciary Sentencing Information System data, attached hereto.

It is a fundamental keystone of sentencing "for the sentencing judge to consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and the punishment to ensue." *Gall v. United States,* 128 S.Ct. 586, 598 (2007) *quoting Koon v. United States,* 518 U.S. 81, 113 (1996). Additionally, the Court has the authority to grant a downward variance by considering the

3

factors defined in 18 U.S.C. §3553(a). Due to the following specific reasons, Mr. Kiper is requesting a sentence of 244 months.

District courts have varied downward in sentencing where a defendant, regardless of criminal history points, has not previously served a significant custodial term. *See United States v. Collington,* 461 F.3d 805 (6th Cir. 2006) (upholding sixty-month downward variance in part because defendant had only been incarcerated for seven months prior to his crime, despite being in Criminal History Category IV). Prior to this offense, Mr. Kiper had never been incarcerated. For someone who has never served a single day in jail, a 244-month prison sentence poses a substantial likelihood of deterrence for Mr. Kiper.

For first-time offenders, long periods of incarceration can do more damage than good by isolating individuals from their communities. "When prison sentences are relatively short, offenders are more likely to maintain their ties to family, employers, and their community, all of which promotes successful reentry into society. Conversely, when prisoners serve longer sentences, they are more likely to become institutionalized, lose pro-social contracts in the community, and become removed from legitimate opportunities, all of which promote recidivism." Valerie Wright, *Deterrence in Criminal Justice, The Sentencing Project*, at 7 (Nov. 2010). While there is nothing that can be done about the mandatory minimum sentence of 180 months that Mr. Kiper must receive, he is certainly requesting the Court consider his lack of criminal history, his acceptance that he needs and wants treatment, and the significant amount of time he must serve in fashioning a sufficient, but not greater than necessary sentence.

A court may also consider a disadvantaged childhood or history of abuse as part of the analysis under 18 U.S.C. § 3553(a) and have commonly varied downward where a defendant was victimized as a child. *See United States v. River*, 192 F.3d 81, 84 (2d Cir. 1999) ("It seems beyond question that abuse suffered during childhood-at some level of severity-can impair a person's mental and emotional

4

conditions); *See also United States v. Patzer*, 548 F. Supp. 2d 612 (N.D. Ill. 2008) (imposing 13 years despite Guideline range of 346-411 months in career offender case, partly in consideration of defendant's difficult childhood with an abusive family and undiagnosed ADHD); *See also United States v. Ayers,* 971 F. Supp. 1197 (N.D. Ill. 1997) (granting departure based upon cruel childhood with relentless physical, sexual, and psychological abuse over a course of years); See also *United States v. Mapp*, 2007 WL 485513 (E.D. Mich. Feb. 9, 2007) (granting variance based on defendant's upbringing where he frequently witnessed domestic violence and substance abuse by his parents until his grandmother took custody of him at age five); and See also *United States v. Samuels*, 2009 WL 875320 (S.D.N.Y. Apr. 2, 2009) (imposing time served sentence rather than guideline range of seventy to eighty even months where defendant "was raised under poor economic circumstances with an abusive father addicted to crack"). During his PSR interview, Mr. Kiper detailed being a victim of sexual abuse throughout his formative years. This trauma was confirmed by his mother and uncle in the attached letters, and by his sister, as well. *See* Exhibit 2, attached hereto.

Many courts have noted that, like the crack cocaine Guidelines, the child pornography Guidelines "are to a large extent, not the result of the Commission's 'exercise of its characteristic institutional role,' which requires that it base its determinations on 'empirical data and national experience,' but of frequent mandatory minimum legislation and specific congressional directives to the Commission to amend the Guidelines." *United States v. Henderson*, 649 F.3d 955, 962-63 (9th Cir. 2011). Thus, "district courts may vary from the child pornography Guidelines § 2G2.2, based on policy disagreement with them, and not simply based on an individualized determination that they yield excessive sentence in a particular case." *Kimbrough v. United States*, 552 U.S. 85, 109-10 (2007); *Henderson*, 649 F.3d at 963 (internal citations omitted). *See, e.g., United States v. Dorvee*, 616 F.3d 174, 188 (2d Cir. 2010); *United States v. Brooks*, 628 F.3d 791, 799 (6th Cir. 2011). Many sentencing courts have taken this directive and departed or varied downward from the Guidelines in child pornography cases. *See, e.g.,*

*United States v. Marshall*, 870 F. Supp. 2d 489 (N.D. Ohio 2012) (varying downward from 151-month bottom Guidelines to statutory mandatory minimum of sixty months, while criticizing mandatory minimum).

In cases where there are many mitigating circumstances, a judge may depart based on the totality of these circumstances. *See United States v. Martin,* 520 F.3d 87 (1st Cir. 2008) (affirming ninety-one-month downward variance/departure based on the defendant's over-representative criminal history, the significant downward variances granted to co-conspirators, the defendant's renouncement of his bad ways, and religious conversion during the two years of post-arrest incarceration, and the defendant's unusually supportive family). If one thing is certain, it is that Mr. Kiper has exhibited many mitigating circumstances for which a downward variance should be considered and amazingly he still has family support.

Further, and most notable, according to the United States Sentencing Commission's (USSC) Judiciary Sentencing Information, the average sentence under Guideline §2G2.1 is 244 months for the last five fiscal years. *See* Exhibit 1. This undeniably remains a substantial sentence that reflects the seriousness of the offense, promote respect for the law, and provides just punishment for the offense. It offers individual and general deterrence of the same conduct and certainly protects the public from further crimes of Mr. Kiper. It is also certainly a long enough that to allow him to complete the BOP sex offender treatment program, obtain vocational training and hopefully any additional mental health treatment he may need. §3553(a) expressly directs the court to consider national sentencing disparities. *See* 18 U.S.C. § 3553(a)(6) and *United States v. Conatser*, 514 F.3d 508, 521 (6th Cir. 2008).

**V.**

## CONCLUSION

Thus, Mr. Kiper respectfully requests a sentence of 244 months. Such sentence would satisfy all the statutory requirements, align with the national average, and provide a sentence that is sufficient, but not greater than necessary, particularly when combined with the extensive special conditions and restrictions he will be under upon release. Additionally, Mr. Kiper is requesting a recommendation from the Court to attend any vocational/training resources available and mental health counseling.

Respectfully submitted,

/s/ Brandi N. Lewis
HON. BRANDI N. LEWIS
BALDANI LAW GROUP
300 W. Short Street
Lexington, KY  40507
(859) 259-0727
brandi@baldanilaw.com
*Attorney for Mr. Kiper*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was filed via CM/ECF on this, the 2nd day of November 2022, which will cause electronic notice of the same to be served upon all parties.

/s/ Brandi N. Lewis
HON. BRANDI N. LEWIS